SCOTT E. BRADFORD
United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
William.McLaren@usdoj.gov
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:25-cr-00234-MTK** |
| **v.** | **UNITED STATES' SENTENCING MEMORANDUM** |
| **KYLE R. COX,** | |
| **Defendant.** | **Sentencing: April 22, 2026, at 2:00 p.m.** |

Defendant Kyle R. Cox transferred several child pornography files and an image of bestiality to a suspect in Pennsylvania. Agents there produced a lead that Oregon agents ran down. When confronted, Mr. Cox admitted to child pornography activities beyond the identifiable crime involving Pennsylvania, he also admitted he chucked a phone into the sea.

When questioned later on, Mr. Cox explained that his communications with the Pennsylvania subject were at that person's behest, in compliance with "her" request, and part of a budding romantic exchange. ██████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

**United States' Sentencing Memorandum**            **Page 1**

███████████████████████████████████████████████

████████████████████████████████████

For this crime, balanced against Mr. Cox's willingness to be forthcoming to authorities,

████████████████████████, and acceptance of responsibility, the government recommends a low-end sentence of 51 months' imprisonment, a five-year term of supervised release, and a $100 fee assessment.

## BACKGROUND

The offense conduct is accurately set forth in paragraphs 17 through 21 of the Presentence Investigation Report (PSR), which is incorporated herein by reference. This does not capture the information Mr. Cox provided to authorities in support of the Pennsylvania investigation.[1]  The offense conduct is briefly summarized below.

In October 2021, Mr. Cox used the social media platform Kik to provide a user four images and two videos depicting child sexual abuse material ("CSAM"), which constituted child pornography. The CSAM depicted children who were not related to Mr. Cox, nor were the files produced by Mr. Cox. Among the files Mr. Cox transferred was an image of one of his children, though clothed.

A lead was eventually generated as part of a separate investigation and, in March 2024, agents contacted Mr. Cox. Agents asked whether Mr. Cox would speak with them and, if so, where he preferred to meet. Mr. Cox voiced that he did not have a preference but that he was in the Coos Bay area. The agents asked if Mr. Cox would be willing to meet at the Coos Bay Police Department. Mr. Cox was five minutes away and agreed to meet with agents. He was

---

[1]  A press release associated with the conviction of the Pennsylvania subject is available at: https://www.justice.gov/usao-wdpa/pr/canonsburg-resident-sentenced-20-years-prison-sexual-exploitation-minors-and.

**United States' Sentencing Memorandum**                                                    **Page 2**

walked back to an interview room and advised the conversation was being recorded.  Agents did not advise Mr. Cox of Miranda rights, but he was advised that he was not in custody and free to leave.

Mr. Cox was forthcoming about having communicated about CSAM in the past and having possessed and transferred "bad" images for years.  Agents were not able to review those files to determine whether those items constituted child pornography, as the only available evidence was that generated in the lead from Pennsylvania.  Mr. Cox allowed agents to perform a manual review of his phone, and no CSAM was located.  Mr. Cox explained that, at that time, it had been approximately one year since he had viewed CSAM.

Mr. Cox explained that the transfer of images was associated with an online sexual interest involving a supposed woman who had requested certain specific images, including CSAM and bestiality.  The interview concluded.  █████████████████

████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

### THE CHARGES & GUIDELINE COMPUTATIONS

On July 30, 2025, pursuant to a plea agreement, Mr. Cox pleaded guilty to a single-count Information, charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(5)(B).  That offense carries a maximum sentence of twenty years imprisonment, up to a $250,000 fine, a supervised release term of five years to life, and a $100 fee assessment.

The parties have agreed the following guideline calculations apply:

**United States' Sentencing Memorandum**                                    **Page 3**

| Guidelines Section | Level |
|---|---|
| Base Offense Level [USSG § 2G2.1(a)(1)] | 18 |
| Material involving a prepubescent minor [USSG §2G2.2(b)(2)] | +2 |
| Use of computer [USSG §2G2.2(b)(6)] | +2 |
| Distribution [USSG §2G2.2(b)(3)(F)] | +2 |
| More than 150 images [USSG §2G2.2(b)(7)(B)] | +3 |
| Obstruction of justice [USSG § 3C1.1] | +2 |
| Acceptance of responsibility | -3 |
| **Total Offense Level** | **26** |

Because Mr. Cox has a Criminal History Category of I, his resulting guidelines range is 63-78. As part of the plea negotiations in this matter, and accounting for Mr. Cox's performance on pretrial supervision and willingness to be forthcoming to authorities, the government has agreed to recommend a sentence of not more than fifty-one months' imprisonment, to be followed by a five-year term of supervised release. Mr. Cox may seek any lawful sentence.

**ARGUMENT**

Mr. Cox's child pornography activities were likely many, but the known event was singular. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████

████████████████████████████████████████████████ Mr. Cox nonetheless sent child exploitation material, sent images of his own children, engaged in bestiality, and tossed a device upon learning that he would be speaking with FBI.  Mr. Cox's sentence should be commensurate with his criminal choices and willingness to obstruct justice.  So, too, should it be tempered by his choice to take responsibility ████████████████████████████

The government's recommended sentence is three months below the average for similarly-situated individuals.  PSR at pp. 1, ¶ 91.  A sentence of fifty-one months' imprisonment is sufficient but not greater than necessary to strike a balance in this matter, avoid a too-severe outcome, and still assign accountability for significant criminal choices.

## CONCLUSION

For the reasons set forth above, the government recommends the Court impose a sentence of 51 months' imprisonment, a five-year term of supervised release, and a $100 fee assessment.

Dated: April 20, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. McLaren*
WILLIAM M. McLAREN
Assistant United States Attorney